HOPE COLLEGE BOARD OF TRUSTEES v. READ.

1. APPEAL AND ERROR—WITNESSES—MATTERS EQUALLY WITHIN
   KNOWLEDGE OF THE DECEASED.
   Admissibility of testimony of mortgagor as to actual knowledge
   of principal owner and active manager of private bank, mort-
   gagee under a mortgage executed subsequently to that given
   plaintiff, in suit to quiet title against such bank mortgage,
   is not passed upon where such banker was deceased and there
   is sufficient other evidence to establish such knowledge (3
   Comp. Laws 1929, § 14219).

2. MORTGAGES—EXECUTION—RECORDING—KNOWLEDGE OF PREVIOUSLY
   EXECUTED UNRECORDED MORTGAGE.
   In suit to quiet title in mortgagee from lien of mortgage sub-
   sequently executed but recorded prior to that given plaintiff,
   evidence, aside from that given by mortgagor, held, sufficient
   to establish actual knowledge on part of now deceased prin-
   cipal owner and active manager of private bank to which later
   mortgage was given.

Appeal from Oceana; Pugsley (Earl C.), J.   Sub-
mitted April 13, 1937.   (Docket No. 56, Calendar
No. 39,413.)   Decided June 7, 1937.

Bill by the Board of Trustees of Hope College, a
Michigan nonprofit corporation, against Thomas
Read and Rex R. Royal, receivers for Churchill &
Weber, bankers, of Shelby, Michigan, to quiet title
to land. Decree for plaintiff. Defendants appeal.
Affirmed.

*Diekema, Cross & Ten Cate,* for plaintiff.

*Thomas Read* and *F. E. Wetmore,* for defendants.

WIEST, J.  This is a suit to quiet title by claimed first mortgagee under foreclosure, sale, purchase and expiration of period of redemption.  Defendants, as receivers of the private bank of Churchill & Weber, held a second mortgage in point of time of execution but first in time of recording.  The mortgages covered two parcels of land; one of 12 acres and the other 40 acres.  The Churchill & Weber private bank held a deed to the 12-acre parcel, given in 1908, evidently to secure loans to the grantor John VanderVen.  October 21, 1912, Churchill & Weber deeded the 12-acre parcel back to their grantor, evidently to enable him to raise money thereon and clear up title to the 40 acres he was purchasing on land contract, and also to employ some of the mortgage avails in meeting obligations due the Churchill & Weber bank.

The same day that the deed was given, the grantee therein borrowed $3,500 from plaintiff corporation and secured payment thereof by a mortgage on both parcels.  Some of this money was used by the mortgagor to obtain title under the land contract covering the 40 acres and some to pay obligations due the bank.  The money was disbursed through the medium of the bank.

The mortgage to plaintiff was executed on October 21, 1912, but not recorded until October 28, 1912.  Before such recording, and on October 25, 1912, the same mortgagor gave another mortgage for $850 to Churchill & Weber, covering both parcels of real estate, and this mortgage was recorded on October 26, 1912, or two days ahead of the mortgage to plaintiff.

Plaintiff foreclosed, purchased at the sale, received a deed and, upon expiration of the period of redemption, and when the second mortgage was

asserted to have priority by reason of being the first of record, and without notice or knowledge of the mortgage to plaintiff, then plaintiff filed the bill herein to quiet title against such claim and had decree.

Charles Churchill, principal owner and active manager of the private bank of Churchill & Weber, at the time of the execution of the mortgages, is dead.

At the hearing plaintiff called John VanderVen, the mortgagor, as a witness to show that Churchill & Weber, through Charles Churchill, had actual knowledge of the execution of the mortgage to plaintiff at the time of the execution of the second mortgage, and that both mortgages were planned to carry out an agreement or common understanding. The testimony of this witness was objected to as coming within the statutory exclusion (3 Comp. Laws 1929, § 14219) of being equally within the knowledge of the deceased, but was taken for the purposes of the record and rejected by the court in granting plaintiff relief.

It is not necessary for us to pass upon the admissibility of such testimony for we find, as did the circuit judge, other and sufficient evidence establishing such knowledge on the part of Mr. Churchill.

Upon review, by appeal, defendants contend that the evidence, with that of the mortgagor excluded, does not support the decree.

The evidence has been examined and, in the light of the disclosed facts, leaving out consideration of the testimony of the mortgagor of matters equally within the knowledge of the deceased, but not passing upon the admissibility thereof, the conclusion is irresistible that the deed by Churchill & Weber of the 12-acre parcel they had held as security was to

enable the employment thereof, together with the title to the 40 acres, as security for obtaining a loan from plaintiff and out of the proceeds pay some obligations at the bank and then to secure the bank for the remainder by the second mortgage upon both parcels of real estate.

It is a fair inference that Mr. Churchill was fully aware of the financial affairs of the mortgagor by reason of their long-time financial dealings as disclosed by the record. The only reasonable explanation of the deed from Churchill & Weber the very day of execution of the mortgage to plaintiff was to enable the accomplishment of what, in fact, was done and bring to the advantage of Churchill & Weber payment of some moneys due and the added security of the 40 acres by way of the second mortgage for the remainder.

We find no occasion to place in this opinion a recital of the evidence for it would be of no benefit to the profession.

The question is one of fact, and the circuit judge reached the right conclusion.

Affirmed, with costs.

FEAD, C. J., and NORTH, BUTZEL, BUSHNELL, SHARPE, POTTER, and CHANDLER, JJ., concurred.